**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Oliver Complot,

      Plaintiff,

v.

Mission Lane LLC,

      Defendant.

No. CV-26-01623-PHX-KML

**ORDER**

At the case management conference on April 27, 2026, the court explained it had an obligation to construe plaintiff Oliver Complot's pleading liberally, but he had an "obligation even as a pro se plaintiff . . . to follow [the court's] orders, the case law and the Federal Rules of Civil Procedure and the local rules." The court also repeatedly stressed to Complot he was required to do his own research under the rules and case law before taking any actions in this case. Despite appearing to understand what was expected of him, Complot's first set of discovery requests indicate he has not sufficiently researched what is proper and what is not.

On May 13, 2026, Complot served requests for admission, interrogatories, and requests for production. (Doc. 17.) Those discovery requests are almost entirely improper. Beginning with the requests for admission, the general rule is that "requests for admission are intended to aid a party in establishing certain material facts and cannot be used to solicit admissions or denials as to legal conclusions." *Davis v. Buckley*, No. 4:12-CV-78-TUC-JR, 2013 WL 12114581, at *2 (D. Ariz. June 11, 2013) (simplified). Because requests for

admission may sometimes touch on legal conclusions, the distinction between permissible and impermissible requests for admission "is not always easy to draw." *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-CV-1846 LHK PSG, 2012 WL 952254, at *3 (N.D. Cal. Mar. 20, 2012). Complot's requests, however, easily fall on the impermissible side.

Many of Complot's requests require defendant Mission Lane either admit or deny certain statutes, FTC guidance, or caselaw "may apply" to the facts in this case. For example, Complot's request 19 asks Mission Lane to "[a]dmit that State Bank of Lehi v. Woolsey, 565 P.2d 413 (Utah 1977) is Utah authority that may apply to Plaintiff's accord-and-satisfaction defense . . . for the proposition that good faith under the Utah Uniform Commercial Code is judged by a subjective honesty-in-fact standard." (Doc. 20 at 8.) Put more plainly, Complot appears to be requesting that Mission Lane either admit or deny that a particular legal authority "may apply" to support a particular proposition. These requests for admission are an attempt by Complot to outsource his legal research to defense counsel. The rules and case law bar him from doing so.

Turning to his interrogatories, Complot has drafted interrogatories that are exceptionally difficult to understand and often lapse into incoherence. For example, Interrogatory 7 asks Mission Lane to state whether it "contends that the written communication shown in Exhibit 3 did not accompany the same-dated USPS money order." But the interrogatory then continues with "For each such contention, identify the exhibit, tender date, each reason for the contention and each fact, document, remittance record, payment-processing record, account note, system record, communication, or witness Mission Lane relies on." (Doc. 21 at 6.) So Complot seems to be asking if a particular document accompanied a "USPS money order." But he then asks for additional information "[f]or each such contention," including the reason for that contention and every "fact" Mission Lane relies on. Because it is not clear what Complot is seeking, the interrogatory is improper. And even if the interrogatory might become clear upon hours of study, Mission Lane is not required to spend those hours attempting to parse Complot's discovery requests to determine what he is seeking.

Finally, Complot's requests for production are hopelessly vague, overbroad, or both. "All-encompassing demands that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (simplified). That is the situation here. Complot's Request for Production 10 seeks "all documents sufficient to show how the name 'Gary' appeared on the January 2 letter." That would include any "source data, account profile data, customer profile data," etc. that led to the letter. Assuming the letter was created on a computer, Complot appears to be asking for the production of the "source data" of the computer program used to create that letter. If that is what he is seeking, the request is drastically overbroad. If that is not what he is seeking, the request is too vague.

"[I]t is not the province of the Court to rewrite discovery requests that seek irrelevant information, are overbroad, or are otherwise improper." *Excel Fortress Ltd. v. Wilhelm*, No. CV-17-04297-PHX-DWL, 2018 WL 6067255, at *2 (D. Ariz. Nov. 20, 2018). The court therefore refuses to comb through all of Complot's discovery requests to narrow or redraft them such that Mission Lane can provide responsive information. Complot will be given a final opportunity to narrow all of his discovery requests such that they are legally permissible and seek only information needed to prove his claims. If Complot chooses not to narrow his requests, all of Mission Lane's objections will be accepted and it will not be required to provide further responses.

**IT IS ORDERED** no later than **July 15, 2026**, plaintiff may propound narrowed discovery requests. Notwithstanding the **July 31, 2026**, deadline for discovery, Mission Lane shall respond to the narrowed discovery requests within thirty days of receipt.

Dated this 8th day of July, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 3 -