**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Oliver Complot,

Plaintiff,

v.

Mission Lane LLC,

Defendant.

No. CV-26-01623-PHX-KML

**ORDER**

On July 8, 2026, this court gave plaintiff Oliver Complot the opportunity to propound narrowed discovery requests. (Doc. 28 at 3.) The court noted that was a "final opportunity" for Complot to propound appropriate discovery requests and warned him if he chose not to narrow them, "all of Mission Lane's objections [would] be accepted and [Mission Lane would] not be required to provide further responses." (Doc. 28 at 3.) Complot served purportedly narrowed requests for admission ("RFAs"), interrogatories, and requests for production ("RFPs") on July 14, 2026. (Doc. 40.) But despite the court's warning, Complot's revised requests remain largely duplicative of—and are just as improper as—his first set of discovery requests.

Beginning with the RFAs, the purpose of Complot's requests remains wholly unclear. Many of Complot's RFAs merely quote his attached exhibits and ask Mission Lane to confirm the exhibits contain the quoted material. For instance, RFA No. 8 asks Mission Lane to "[a]dmit that the January 2, 2024 correspondence attached as Exhibit 5 is addressed to 'Gary.'" (Doc. 42 at 3.) Some of Mission Lane's responses to these RFAs

may be improper, for example, the response that a document speaks for itself. *See, e.g.*, *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006) (finding that a document "speaks for itself" is not a valid response to an RFA seeking admission of quoted material within a document). But in this case it is not at all clear why Complot propounded RFAs seeking confirmation of particular language within certain documents. Even if Mission Lane were to admit to these RFAs, it would not affect Complot's case. That is, Mission Lane admitting to certain language within a document would not authenticate that document or otherwise provide any basis by which it might actually be admissible. *See K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433772, at *4 (C.D. Cal. July 14, 2014) ("Fragmentation of a document's authenticity in line-by-line requests for admission does not further the same goal [of narrowing the issues] because it leaves the passages between the quoted excerpts unauthenticated.") (simplified). Ultimately, the purpose of RFAs is "to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). Because admissions or denials by Mission Lane would have no substantive impact on the claims and defenses in this case, engaging with Complot's RFAs would in fact impede efficiency goals. As such, Mission Lane need not provide additional responses.

As to Complot's interrogatories, many appear to minimally reword his first set of interrogatories and thus remain just as indecipherable. As one example, Interrogatory 17 (Doc. 40-1 at 5) only slightly modifies Complot's first interrogatory under the same number (*see* Doc. 21 at 10), but the changes somehow make it even more perplexing. In asking Mission Lane to state whether it "relies on Utah Code § 70A-3-311(3)(a) as a basis for its contention that Plaintiff's December 17, 2025 USPS money order tender did not discharge Mission Lane's claim" (Doc. 42 at 35–36), Complot still appears to be inquiring as to the applicability of a provision of Utah law despite the court's instruction that he may not "outsource his legal research to defense counsel." (Doc. 28 at 2.) Even more confusing is the remainder of Complot's request, which states "[i]f so, identify the conspicuous statement on which Mission Lane relies, identify the person, office or place designated in

that statement, [and] state the date and manner by which Mission Lane contends that statement was sent to Plaintiff." (Doc. 42 at 35–36.) Although the reference to a "conspicuous statement" presumably is drawn from the language of a regulation, 12 C.F.R. § 1026.17, there is no obvious explanation how such a statement relates to Mission Lane's reliance or lack thereof on the Utah Code. (Doc. 42 at 35.) Although "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact," Fed. R. Civ. P. 33(a)(2), Complot is not entitled to answers to interrogatories that are vague to the point of incomprehension, as they are here. *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332–33 (N.D. Cal. 1985) (providing a summary of "contention interrogatories" and finding "no party has an absolute right to have answers to contention interrogatories," only those that are "otherwise proper") (simplified).

Complot's RFPs also appear largely unchanged in their overbreadth and ambiguity. RFP No. 2, for instance, seeks "documents sufficient to show each unwritten practice or ordinary business process identified in response to Interrogatory No. 6," including "any system through which it was carried out." (Doc. 42 at 12.) First, it is not clear how Complot anticipates Mission Lane might produce documents sufficient to show unwritten business practices and processes, since those practices are by their very nature undocumented. Complot cannot use an RFP "to require another party to create or prepare a new or previously non-existent document solely for its production." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016). Nor is it clear what "systems" Complot contemplates as being used to carry out those unwritten practices. To the extent Complot intends "any system" to mean Mission Lane must produce documentation of recorded conversations—or some other method entirely—the request is also overbroad and unduly burdensome.

Complot has not sufficiently narrowed or clarified his requests, despite being previously ordered to do so.

/

/

Accordingly,

**IT IS ORDERED** that Mission Lane's objections to Complot's narrowed requests for admission, interrogatories, and requests for production (Doc. 42) are accepted. Mission Lane need not provide further responses.

Dated this 3rd day of September, 2026.

Honorable Krissa M. Lanham
United States District Judge